**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RODERICK R. LESTER, et al.

      Plaintiffs,

v.                                      Case No. 3:18-cv-1092-J-32MCR

SECURUS TECHNOLOGIES, INC.
and SCOTTY RHODEN,

      Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiffs filed a civil rights complaint on September 11, 2018 (Doc. 1) (Complaint), seeking to recover "unjust charges for themselves and all class members" stemming from telephone charges incurred while they were housed at the Baker County Detention Center. See Complaint at 5. Plaintiffs name as Defendants Securus Technologies, the telephone service provider, and Sheriff Scotty Rhoden. The Complaint is unsigned. One of the twelve named Plaintiffs filed a motion to proceed in forma pauperis (IFP) (Doc. 2).

The Prison Litigation Reform Act (PLRA) provides that "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Eleventh Circuit has interpreted this provision to require that "each individual prisoner . . . pay the full amount of the required [filing] fee" when proceeding IFP. Hubbard v. Haley, 262 F.3d 1194, 1195 (11th Cir. 2001). Thus, the

PLRA prohibits prisoners proceeding IFP from joining their claims in a single complaint even when they assert claims arising out of the same transaction or series of transactions. See id. at 1197-98. To the extent individual Plaintiffs intend to pursue a civil rights action, they may each file his/her own case asserting claims personal to him/her.[1]

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of October, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-6 10/11
c:
Plaintiffs

---

[1] In doing so, each Plaintiff should consider the running of the statute of limitations. Plaintiffs should also consider that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Securus Technologies does not qualify as "a person" under § 1983.